[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married in Greenwich, Connecticut, on November 19, 1994. They have been living separate and apart since June 12, 1999, when the defendant husband ("husband") discovered the plaintiff wife ("wife")in flagrante delicto with another man. The parties attended counseling, to no avail. No children have been born to this union, however, the wife gave birth to a son this month who was conceived six months following the separation.
The husband is thirty-four (34) years old and works as a plumber earning $37,000 per annum. He is in apparent good health and has a high school education. The wife is twenty-nine (29) years old and works as an office manager earning $30,000 per year. She is also in apparent good health and has a high school education.
The parties have few assets. They have sold their condominium which was CT Page 13254 purchased during the marriage. The profits from the sale were applied to their accumulated debt, which remains substantial. Throughout their marriage the parties lived well beyond their means. Both parties have borrowed to consolidate a portion of the debt, and the wife cashed in her retirement savings. Even so, at the time of the separation in June of 1999, the remaining joint family debt consisted of two Optima Card balances of $10,242 and $4915 respectively, as well as a Fleet Bank debt in the amount of $3500, for a total of $18,657. Since the date of the separation, this total has been reduced by payments on account by the parties, and the current total amounts to approximately $15,100. The sole issue to be decided by this Court is how to allocate the responsibility for the remaining joint family debt.
 FINDINGS
The Court, having heard the testimony of both parties, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-45a, 46b-55, 46b-81, and 46b-82, hereby makes the following findings:
1. That it has jurisdiction.
 2. That the allegations of the complaint are proven and true.
 3. That the marriage of the parties has broken down irretrievably, and that ample evidence exists that both parties have contributed to said breakdown, however, the primary cause was the infidelity of the wife.
 4. That a minor child has been born to the wife since the date of the marriage who is NOT ISSUE thereof to wit: DANIEL SYKES, YR., born October 7, 2000. And that, based upon the testimony of the wife, said child was conceived in January 2000, six months following the separation of the parties, and that the father of the child is Daniel Sykes, Sr., and not the defendant.
 5. That the outstanding balance of the family indebtedness as of June 1999, consisting of two Optima Card accounts and one with Fleet Bank, was $18,657, and that the current total balance of all three accounts is $15,100. CT Page 13255
 6. That the parties have divided their personal property and household furnishings to their mutual satisfaction.
 ORDER
IT IS HEREBY ORDERED THAT:
 1. The marriage of the parties is hereby dissolved, and they are each hereby declared to be single and unmarried.
2. No alimony is awarded to either party.
 3. Each party shall be entitled to keep the automobile which they are currently driving (the wife 1993 Chevy Suburban and the husband the 1978 Porsche) subject to any existing indebtedness, free and clear of any claims by the other, and each party shall cooperate with the other regarding the execution of any documentation necessary to transfer and/or register same, and, in addition, the wife shall indemnify and hold the husband harmless from any further liability arising out of the indebtedness on her vehicle.
 4. The remaining joint family debts shall be divided as follows:
 A. Fleet Bank shall be the sole responsibility of the wife.
 B. Optima Card (#3725-302050-61001) shall be the sole responsibility of the husband.
 C. Optima Card (#3725-052849-51009) shall be paid by the husband, however, the wife shall pay to the husband the sum of $3000 to be applied toward this balance, as follows: $500 within sixty (60) days from the date of this Memorandum of Decision, and $500 every three months thereafter until her obligation is paid in full.
 D. Except as set forth above, the parties shall be responsible "for the indebtedness as shown on CT Page 13256 their respective financial affidavits.
 E. Except as set forth in this Memorandum of Decision, each party shall indemnify and hold the other party harmless from any further liability and obligation arising out of the above indebtedness.
 5. Each party shall be responsible for their respective attorneys fees and costs incurred in connection with this action.
 THE COURT SHAY, J.